United States District Court
Middle District of Florida
Jacksonville Division

**JAMES J. HANLON,**

    *Plaintiff, as personal representative of the Estate of Hyrum J. Hanlon,*

v.                                                             NO. 3:24-cv-306-WGY-PDB

**NORTHROP GRUMMAN CORPORATION ETC.,**

    *Defendants.*

---

# Order

In March 2024, following the March 2022 crash of a U.S. Navy aircraft and the death of Lieutenant Hyrum Hanlon, the plaintiff, as the personal representative of the estate, brought this lawsuit against Northrop Grumman Corporation, Hamilton Sundstrand Corporation, and Rolls-Royce Corporation. Doc. 1; *see also* Doc. 22 (joint stipulation to correct party names). The plaintiff alleges that the aircraft's engines failed in flight because of defects in the "auto-feather" system. Doc. 74 at 1. In section I, the court addresses a corrected motion for leave to amend the latest complaint, Doc. 75, and a motion for leave to correct the proposed complaint, Doc. 79. In section II, the court addresses motions to seal, Docs. 73, 78. In section III, the court addresses a joint motion to amend deadlines in the case management and scheduling order, Doc. 82.

## I.

In April 2024, the plaintiff amended the complaint as of right. Doc. 15. The next month, through a stipulation, the plaintiff amended the complaint to correct party names. Docs. 22, 23. In that pleading, the plaintiff brings ten claims against all defendants: strict liability for an alleged manufacturing defect (count I), strict liability for an alleged design defect (count II), strict liability for a failure to warn (count III), negligence (count IV), negligent misrepresentation (count V), fraudulent misrepresentation (count VI), breach of the implied warranty of merchantability (count VII), breach of the implied warranty of fitness for a particular purpose (count VIII), breach of contract (count IX), and wrongful death and survival (count X). Doc. 23.

In July 2024, the defendants moved to dismiss. Docs. 28, 31, 34. Northrop Grumman argues that dismissal is warranted for three reasons. Doc. 31. First, Northrop Grumman argues that the latest complaint is a "shotgun" pleading because the plaintiff brings all ten claims against all three defendants without distinguishing their roles and responsibilities. Doc. 31 at 12–15. Second, Northrop Grumman argues that the negligent misrepresentation (count V) and fraudulent misrepresentation (count VI) claims fail because the plaintiff fails to plead fraud with particularity. Doc. 31 at 15–17. Third, Northrop Grumman argues that the breach of the implied warranty of merchantability (count VII), breach of the implied warranty of fitness for a particular purpose (count VIII), and breach of contract (count IX) claims fail because the plaintiff fails to plead that Lieutenant Hanlon had been an intended third-party beneficiary of the government contract. Doc. 31 at 18–21. Hamilton Sundstrand makes the first and second arguments. Doc. 34. Rolls-Royce makes the first argument and part of the second argument. Doc. 28. In responses to the motions to dismiss, the

plaintiff requests permission to replead as an alternative to dismissal. Doc. 50 at 8–9; Doc. 51 at 8–9; Doc. 52 at 8–9.

In August 2024, the court entered an order scheduling the trial for the June 2026 trial term and establishing a November 2024 deadline to add parties or otherwise amend the pleading and a November 2025 deadline to complete discovery. Doc. 60.

In February 2025, Northrop Grumman produced discovery that included a contract between the U.S. Navy and Northrop Grumman, a June 2018 presentation about the auto-feather system's potential for a dual-engine failure, and a study about the feasibility of delaying the activation of the auto-feather system. Doc. 77 at 3. The next month, following the filing of a joint reply, Doc. 66, and a sur-reply, Doc. 67, briefing on the motions to dismiss was complete.

In June 2025, the court heard arguments on the motions to dismiss. Docs. 71, 81. The court rejected arguments that the latest pleading is a shotgun pleading, denied the motions with respect to the negligence, strict liability, wrongful death, and survival claims (counts I, II, III, IV, and X), and granted the motions "subject to reconsideration" with respect to the remaining claims (counts V, VI, VII, VIII, and IX). Doc. 81 at 16:4–11. For the negligent misrepresentation (count V) and fraudulent misrepresentation (count VI) claims, the court doubted that the plaintiff had satisfied the heightened pleading standard. Doc. 81 at 6:17–21. For the breach of the implied warranty of merchantability (count VII), breach of the implied warranty of fitness for a particular purpose (count VIII), and breach of contract (count IX) claims, the court doubted that the plaintiff could bring the claims based on a third-party-beneficiary theory. Doc. 81 at 6:23–7:4. The court explained that it would enter

3

an order in ten days, absent reconsideration, and told the parties that they could file anything pertinent to the decision. Doc. 81 at 16:4–16.

On the eve of the tenth day, the plaintiff moved for leave to amend the complaint once more. Docs. 72 (original motion), 75 (corrected motion). The proposed changes fall into three categories. First, the plaintiff wants to eliminate the two implied warranty claims (counts VII and VIII). Doc. 75 at 6; *compare* Doc. 23, *with* Doc. 79-1. Second, the plaintiff wants to bring the negligent misrepresentation (count V) and fraudulent misrepresentation (count VI) claims against Northrop Grumman only. Doc. 75 at 5–6; *compare* Doc. 23, *with* Doc. 79-1. For those claims, the plaintiff wants to add factual allegations from the June 2018 presentation and the feasibility study. *See* Doc. 77 at 3; Doc. 79-1 ¶¶ 71–79. Third, for the breach of contract claim (count IX), the plaintiff wants to add factual allegations about the contract between the U.S. Navy and Northrop Grumman. *See* Doc. 77 at 3; Doc. 79-1 ¶¶ 113–35. The plaintiff contends that he has acted with diligence during the litigation but has been delayed because of the U.S. Navy's involvement. Doc. 75 at 3–5, 7–8.

Only Northrop Grumman opposes the motion for leave to amend. Doc. 77. Emphasizing that it had produced the documents supporting the new factual allegations five months before the plaintiff moved for leave to amend the complaint, Northrop Grumman argues that the plaintiff unduly delayed by waiting until after the court heard arguments and orally ruled on the motions to dismiss. Doc. 77 at 5–6; Docs. 77-1 to 77-3. Northrop Grumman also argues that any amendment would be futile. Doc. 77 at 1–2.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just,

4

speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

"[A] plaintiff who wishes to amend his complaint must file a motion seeking leave to do so." *Doe v. Emory Univ.*, 110 F.4th 1254, 1263 n.3 (11th Cir. 2024). The motion should either state the substance of the proposed amendment or attach a copy of the proposed amended pleading. *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018). "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoted authority omitted). The request has "no legal effect," leaving the court free to dismiss the action with prejudice. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1298 (11th Cir. 2025). A "narrow exception" exists: a court must not dismiss a complaint because it is a shotgun pleading without giving the plaintiff one chance to remedy the problem, even if the plaintiff did not move for leave to amend. *Id*.

Parties cannot begin discovery until after the case-management conference. Fed. R. Civ. P. 26(d). After receiving the parties' case-management report, a district court must enter a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1), (3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" is hard to define but "generally signifies a sound basis or legitimate need to take judicial action" after balancing the interests involved. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). "To establish good cause [for extending a deadline in a scheduling order], the party seeking the extension

must have been diligent." *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008).[1]

The court **grants** the plaintiff's motion to correct clerical errors, Doc. 79. In deciding the motion for leave to amend the complaint, Doc. 75, the court considers the corrected proposed amended complaint, Doc. 79-1, not the proposed pleading included with the motion for leave to amend, Doc. 72-2.

The court **denies** the plaintiff's motion for leave to amend the complaint, Doc. 75, except to the extent that the implied warranty claims (counts VII and VIII) against all the defendants and the negligent misrepresentation (count V) and fraudulent misrepresentation (count VI) claims against Hamilton Sundstrand and Rolls-Royce are considered voluntarily dismissed.

The plaintiff has failed to demonstrate diligence in moving for leave to amend or provide any other reason why belated amendment is appropriate. As early as February 2025, the plaintiff possessed the alleged facts he now wants to add to bolster the negligent misrepresentation (count V) and fraudulent misrepresentation (count VI) claims against Northrop Grumman and the breach of contract claim (count IX) against all defendants, *see* Doc. 77 at 3, which was before the completion of briefing on the motions to dismiss, *see* Docs. 66, 67, and before oral argument and oral rulings on the motions, *see* Docs. 71, 81. Rather than moving for leave to amend upon review of the motions to dismiss, Docs. 28, 31, 34, and the receipt of the discovery, the plaintiff stood by

---

[1] The plaintiff argues under the standard in Rule 16, Federal Rules of Civil Procedure. Doc. 75 at 6–8. Northrop Grumman argues under the standard in Rule 15, Federal Rules of Civil Procedure. Doc. 77 at 4–5. The plaintiff is correct; Northrop Grumman is incorrect. "[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).

6

his latest pleading until the court had read the motions, Docs. 28, 31, 34, the responses, Docs. 50, 51, 52, the reply, Doc. 66, and the sur-reply, Doc. 67, had prepared for arguments on the motions, and had orally ruled on the motions, subject to reconsideration, Docs. 71, 81. Under these circumstances, starting over with another amended pleading is unwarranted.

The plaintiff contends that cases conflict on whether a plaintiff can request leave to amend in a response to a motion to dismiss. Doc. 75 at 7–8 (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Newton v. Duke Energy Fla. LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1995–96 (11th Cir. 2018); *Isaac v. United States*, 809 F. App'x 595, 599 (11th Cir. 2020)). No conflict exists. The narrow exception for a shotgun pleading is inapplicable because the operative pleading is not a shotgun pleading. *See* Doc. 81 at 15:3–6, 16:4–5.

In the interest of judicial economy, the court does not consider whether the proposed amendments would be futile. Once an order is entered on the motions to dismiss, Docs. 28, 31, 34, the defendants will have an opportunity to answer the remaining claims.

## II.

The plaintiff moves to seal an unredacted version of the proposed amended complaint. Doc. 73; S-Doc. 73-2. Northrop Grumman supports sealing, explaining that the U.S. Navy disclosed or authorized the production of unclassified documents that are not subject to public release. Doc. 76 at 2 (citing 22 U.S.C. §§ 2751–56, 15 C.F.R. §§ 730.1–Supp. No. 3, and 22 C.F.R. §§ 120.1–120.7). Northrop Grumman contends that some information is "sensitive national security information," "highly confidential proprietary

7

information related to the E-2D program," or both, and that the law requires protection of the information from public disclosure. Doc. 76 at 4. Northrop Gruman contends that some of the information is "confidential proprietary information regarding the purpose, design, manufacture, operation, testing, and sale of a complex military aircraft, its component parts, and software." Doc. 76 at 4–5. Northrop Grumman contends that "these materials represent the heart of [its] work product as a contractor for the Department of Defense" and that "[d]isclosure of this information would cause irreparable harm to [its] business interests because [disclosure would] undermine[] the investments in creating the propriety materials, as well as [its] extensive efforts to keep this information withheld from public view, including domestic and foreign competitors." Doc. 76 at 5. For similar reasons, Northrop Grumman also moves for leave to file under seal its contract with the U.S. Navy, the June 2018 presentation, and the feasibility study. Doc. 78.

"The common-law right of access to judicial proceedings is an essential component of our system of justice and instrumental in securing the integrity of the process." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (internal quotation marks and quoted authority omitted). "The right attaches only to items which may properly be considered public or judicial records—not to any and all materials produced during discovery—and it can be outweighed by competing interests." *Id.* (internal quotation marks and quoted authority omitted). Information "filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

"[E]ven when the right of public access attaches, it is not absolute." *Callahan*, 17 F.4th at 1363 (internal quotation marks and quoted authority omitted). "Courts must evaluate whether good cause exists to prevent such access, balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* (internal quotation marks and quoted authority omitted). "[A] court weighing these competing interests will consider a number of important questions, including whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (internal quotation marks and quoted authority omitted). "Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents." *Id.*

Based on this jurisprudence, Local Rule 1.11(a) provides, "Sealing a docketed item, including a settlement agreement, used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." The rule establishes several requirements for a motion to seal an item, including that the motion "must include the item, which is sealed pending an order resolving the motion." Local Rule 1.11(b)(8).

The plaintiff's motion to seal, Doc. 73; S-Doc. 73-2, is **granted**. The presumption of public access applies because the unredacted paper—the proposed amended complaint—was filed in connection with a substantive

pretrial motion. The presumption is rebutted for the reasons stated in Northrop Grumman's memorandum supporting the seal. *See* Doc. 76. The court directs the clerk to maintain the unredacted proposed amended complaint, S-Doc. 73-2, under seal until further court order.

Northrop Grumman's motion to seal, Doc. 78, is **denied without prejudice** for failure to comply with Local Rule 1.11(b)(8). Northrop Grumman fails to include under a provisional seal the items proposed for sealing. In any event, in deciding the motion for leave to amend, Doc. 75, the court accepts Northrop Grumman's public representations that the proposed amendments are based on facts from those items, *see* Doc. 77 at 3, making the filing of those items themselves unnecessary.

### III.

The parties move to extend deadlines because of the delays in obtaining discovery caused by the U.S. Navy's involvement. Doc. 82. The good cause standard for modifying a scheduling order, *see* section I, *supra*, applies.

The motion, Doc. 82, is **granted**. The parties demonstrate good cause for the reasons stated in the motion, Doc. 82. Considering the proposed deadlines, Doc. 82-1,[2] and the district judge's trial calendar, these deadlines and this trial term now apply. All other directives in the case management and scheduling order, Doc. 60, remain unchanged.

---

[2] The parties are reminded that Local Rule 3.01(j) prohibits submitting a proposed order without leave unless otherwise permitted by the rules.

| Action or Event | Deadline or Date |
|---|---|
| Deadline for serving the plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2) | 12/1/2026 |
| Deadline for serving the defendants' expert disclosures under Fed. R. Civ. P. 26(a)(2) | 2/1/2027 |
| Deadline for rebuttal expert disclosures under Fed. R. Civ. P. 26(a)(2) | 3/1/2027 |
| Deadline for completing discovery | 6/1/2027 |
| Deadline for filing any dispositive and *Daubert* motions | 7/1/2027 |
| Deadline to conduct mediation | 8/2/2027 |
| Deadline for all other motions, including motions *in limine* | 9/1/2027 |
| Date of the final pretrial meeting | 9/15/2027 |
| Deadline for filing proposed jury instructions, verdict form, and the joint final pretrial statement under Local Rules 3.01 and 3.06(b) | 10/1/2027 |
| Date and time of the final pretrial conference under Fed. R. Civ. P. 16(e) (Courtroom 12B) | 11/9/2027 10:00 a.m. |
| Trial term for jury selection immediately followed by the trial (Courtroom 12B) | 12/1/2027 9:00 a.m. |
| Estimated length of trial | 15 days |

To help with party, witness, and lawyer scheduling, the parties may obtain a "date certain" for the start of trial before the final pretrial conference by jointly consenting to the jurisdiction of a magistrate judge. To jointly consent, the parties must complete the form titled "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" (AO 85). The parties "are free to withhold consent without adverse substantive consequences." Fed. R. Civ. P. 73(b)(2) (quoted).

**Ordered** in Jacksonville, Florida, on September 18, 2025.

Patricia D. Barksdale
United States Magistrate Judge